# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **MAKINO INC.**<br>7680 Innovation Way<br>Mason, OH 45040<br><br>Plaintiff<br><br>vs.<br><br>**CROSS INDUSTRIES, INC.**<br>2629 Progressive Way, Unit D<br>Abbotsford, British Columbia V2T6H8<br><br>And<br><br>**DAVE CROSS a/k/a DAVID CROSS**<br>2629 Progressive Way, Unit D<br>Abbotsford, British Columbia V2T6H8<br><br>Defendants | : : : : : : : : : : : : : : : : : : : : : | Case No. 1:2023cv00008<br><br>(Judge Susan J. DeLott)<br><br>**REDACTED COMPLAINT** |

Comes now the Plaintiff, Makino Inc. ("Makino"), by and through counsel, and for its Complaint against the Defendants, Cross Industries, Inc. ("Cross Industries") and Dave Cross a/k/a David Cross ("Dave Cross"), states as follows:

## PARTIES AND JURISDICTION

1. Plaintiff is a duly chartered corporation with its principal place of business in Mason, Ohio.

2. Cross Industries is a corporation with its principal place of business in Canada.

3. Dave Cross is a resident and citizen of Canada.

4. This Court has jurisdiction and venue of this case because the parties consented to this Court's jurisdiction and venue. The Court further has jurisdiction

pursuant to the Ohio Long Arm Statute because Defendants have transacted business in this state, have purposely availed themselves to the laws of this state, and because Defendants have consented to the jurisdiction of this Court.

5. There is also diversity of citizenship and the amount in controversy is over $75,000.00.

**Statement of Facts**

6. Makino and Cross Industries previously entered into a Contract wherein Makino sold Cross an EDM Machine and a F5 Mill Machine (collectively the "Machines").

7. Cross Industries breached the parties' Contract when it failed to pay for the Machines.

8. As a result, Makino filed a lawsuit (the "First Lawsuit") against Cross Industries on June 10, 2019 in Hamilton County Court of Common Pleas alleging that Cross Industries owed Makino $395,000 in principal, plus interest and late fees. Cross Industries removed the case to the United States District Court for the Southern District of Ohio under Case No. 1:19-cv-00593.

9. Cross Industries then filed an Answer and Counterclaim against Makino.

10. Makino and Cross Industries thereafter entered into settlement negotiations.

11. Dave Cross, who is the President and owner of Cross Industries, made all decisions in the First Lawsuit and made all representations and agreements on behalf of Cross Industries during the settlement negotiations.

12. In November 2022, Makino and Cross Industries reached a settlement (the "Settlement").

13. At the time the Settlement was entered into, Makino was owed over $500,000 from Cross Industries, including interest and late fees.

14. Pursuant to the terms of the Settlement, Cross Industries agreed and represented to Makino that it would pay Makino a total of $**REDACTED**. Cross Industries further agreed and represented to Makino that it would make monthly payments to Makino until the Settlement was paid in full, the first being due on November 29, 2022 (the "First Payment").

15. In reliance on these promises and representations, Makino agreed to release Cross Industries from the claims made in the First Lawsuit and further agreed to dismiss the First Lawsuit, with prejudice, prior to the First Payment being made.

16. In November 2022, Makino and Cross Industries entered into an Agreement ("Settlement Agreement") formalizing all representations and agreements. A **REDACTED** copy of the Settlement Agreement is attached hereto.

17. In reliance on the promises contained in the Settlement and Settlement Agreement, Makino did in fact dismiss its Complaint against Cross Industries, with prejudice.

18. Despite Makino fully complying with the terms of the Settlement Agreement, Cross Industries did not make the First Payment, and is therefore in breach of the Settlement Agreement.

19. Makino provided notice to Cross Industries and Dave Cross of Cross Industries' breach, but despite demand being made, Cross Industries has still refused to make the required First Payment.

20. Cross Industries has also failed to make the Second Payment that was due on December 31, 2022.

**FIRST COUNT**
**Breach of Contract**

21. The preceding paragraphs are incorporated by reference as if fully rewritten herein.

22. Cross Industries' actions described above are in breach of the Settlement Agreement.

23. As a direct and proximate result of Cross Industries' breach of the Settlement Agreement, Plaintiff is immediately entitled to the full amount of the Settlement Agreement of $**REDACTED**.

24. Plaintiff is further entitled to recover its costs and expenses, including attorney fees, in having to file and prosecute this matter.

**SECOND COUNT**
**Fraud (Cross Industries and Dave Cross)**

25. The preceding paragraphs are incorporated by reference as if fully rewritten herein.

26. Defendants made false representations to Makino that Cross Industries would make the payments contained in the Settlement Agreement.

27. Defendants knew that these representations were false and never planned or intended to make any payments to Makino.

28. Defendants made these false representations to fraudulently induce Makino to enter into the Settlement Agreement, whereby Makino agreed to (1) **REDACTED**, and (2) Makino agreed to dismiss the First Lawsuit with prejudice.

29. Makino reasonably and to its detriment relied on the false representations made by Defendants by (1) entering into the Settlement Agreement and (2) dismissing the First Lawsuit with prejudice.

30. As a direct and proximate result thereof, Makino has suffered significant damages well in excess of $**REDACTED**, in an amount to be determined at trial.

**THIRD COUNT**

31. The preceding paragraphs are incorporated by reference as if fully rewritten herein.

32. The Plaintiff received a purchase money security interest in the Machines. Upon filing a financing statement with the UCC, Plaintiff perfected its' security interest, and therefore the Plaintiff has a lien on the Machines.

33. Plaintiff is entitled to have the Machines returned to Plaintiff so that the Machines can be sold with the proceeds from the sale being applied to the amounts owed to Plaintiff by the Defendant.

**FOURTH COUNT**

34. The preceding paragraphs are incorporated by reference as if fully rewritten herein.

35. Defendants' actions described hereinabove were willful, wanton, and fraudulent and demonstrated ill will and malice to Makino.

36. Dave Cross also agreed to and ratified the actions of Cross Industries.

37. As a direct and proximate result thereof, Makino is entitled to punitive damages against both Defendants.

**WHEREFORE**, Makino requests judgment against the Defendants, jointly and/or severally, in an amount to be determined at trial, plus prejudgment interest, costs incurred, reasonable attorney fees, and any and all additional relief to which it is entitled. The Plaintiff further requests that the Machines be returned to Plaintiff, so that the Machines can be sold and that the proceeds thereof be given to Plaintiff. Plaintiff further requests any and all additional relief to which it is entitled.

/s/ *Barry F. Fagel*
Barry F. Fagel  (#0060122)
Lindhorst & Dreidame Co., LPA
312 Walnut Street, Ste. 3100
Cincinnati, OH  45202
(513)  421-6630
(513)  421-0212 (fax)
bfagel@lindhorstlaw.com
***Attorneys for Plaintiff***